As allotted to counsel, the first case today is 13-1405 Jorge Vallejo v. Siemens Medical Solutions USA, Incorporated. My name is Vamily Lopez-Ortiz. I am the attorney for appellant and petitioners in this case who are Jorge, who are the petitioners. I would like to reserve five minutes for reprieve, please.  This case, as I was preparing, I realized that there is only one issue in controversy. The first issue in which we are in agreement. The United States District Court, Judge Gracia Gregory, decided this case as a 12B6 motion. Thus, all the facts alleged in the complaint and all the reasonable inferences have to be taken as true and in favor of plaintiff in this case. What do we have? We have a complaint filed on behalf of Jorge Vallejo for disability discrimination, alleging various forms of compensatory requests. No equitable, no reinstatement was requested because at the time of the complaint he was completely disabled. Federal jurisdiction was based on the American with Disabilities Act. We added supplemental causes of action under Puerto Rico General Anti-Discrimination Statute, Puerto Rico Act 100, the Puerto Rico Discrimination Statute for Disability Act 44, and Puerto Rico Act 80, which is for the severance pay of unjust dismissal. There is agreement in that. Second issue in agreement. When my client, Mr. Vallejo, died one month after the complaint was filed, we went to probate court in Puerto Rico, instituted the estate, what in Spanish is called sucesión, and asked for the party plaintiff to be substituted by his sucesión, which is composed by his son, his daughter, and his wife in the usufruct. Not as an heir, but in the usufruct. Counsel, I don't mean to be rude, but you have very little time, and we're well aware of everything that you've just said. Why don't you talk about what isn't agreed? That is, what law governs the question of survivability, and what is the resolution of the applicable law once we determine what law applies? Okay. As I understand, there's no controversy as to the fact that in this particular issue, the law that governs the survivability of the claims under the American with Disabilities Act is Puerto Rico substantive. Well, I, for one, don't agree with that, but if that's the position you want to take, that's fine. Well, that was our position. We did not question that determination from the District Court, and defendant in this case also is in agreement that the law that applies for the determination of survivability of claims under the American with Disabilities Act is the Puerto Rico substantive law. That really disadvantages your client. So, in other words, you don't want us to look at the question of whether federal common law governs the ADA claim? I understand Puerto Rico substantive law governs the ADA claim. All right, so you want to concede that issue, which could win the case for your client? Yes. Because Puerto Rico substantive law states that this is the kind of action that survives the death of the complainant, of the plaintiff. Why? Because inheritability of causes of action in Puerto Rico is governed by the Puerto Rico Civil Code, Articles 608 and 610, which tells us what goes into the estate, what can be inherited. And it states that basically it is all that are personal obligations and what is owed. Puerto Rico Act 100 was enacted in 1959. Puerto Rico Act 44 was enacted in 1985. And both laws were made with the express purpose of providing the employees, particularly of private enterprises, with protection against discrimination. There are several cases that have discussed Act 44, actually Act 100, in the context of how it works as a special legislation for workers. And it states that these laws provide a cause of action exclusively for the worker, not for the relative. But doesn't that play in the district court, citing Santini Rivera and Cruz Roche, said that the rights under Law 100 and by extension Law 44 are very personal rights and under the Puerto Rico formulation, very personal rights do not survive. Yes, Your Honor. Now that phrase was used, at least in Cruz Roche, and language very close to it was used in Santini Rivera. In both cases, Cruz Roche and Santini Rivera deal with the very personal rights in the definition of standing, of who has standing to sue. Because both cases discuss what is the vehicle, the procedural vehicle that would be available for the relative of an employee to file a cause of action. Both cases, both Santini Rivera and Cruz Roche say, if the, actually in Cruz Roche, in Santini Rivera, it was the parents and the girlfriend of the employee, Santini Rivera said, if they want to file an action for the damages they suffered, they have to follow Article 1802. Cruz Roche said, the wife of Cruz Roche cannot file a cause of action under Act 100. All she can do is, after he gets a judgment, since she has a claim as a conjugal partnership, she would have a claim against that part of the judgment, which is conjugal partnership. Why doesn't that analysis in the context of standing, but why doesn't that inform in an important way the issue of survivorship when we're trying to determine whether the claims of the decedent here are very personal in nature, in terms of whether the claims are inheritable. You seem to suggest there's a very clear divide between standing and survivorship, and I'm not sure I understand why there is such a clear divide. Because the, well, because that's the way the Puerto Rico Supreme Court has interpreted it. In the case of Garcia Pagan versus Shiley Caribbean, which is a case that I made reference in my brief, and defendant also, Appelli also, it's a 1988 case. The Puerto Rico Supreme Court was called upon to decide if a cause of action, an employee had brought a cause of action alleging emotional damages under Act 100, and as per the procedural requirements, filed the administrative complaint with the Puerto Rico Anti-Discrimination Unit. Defendant alleged that that particular part of the claim that requested emotional damages was time barred because by the time the administrative process ended, the one-year statute of limitations for actions in Puerto Rico had expired. The Puerto Rico Supreme Court said no, you know why? Because in Puerto Rico, the anti-discrimination statutes are the vehicles by which we make, we validate the substantive rights that is granted by the Bill of Rights of our Constitution. Meaning that, and it specifically says this, Law 100 provides a cause of action in damages based upon employment discrimination, wherein the Bill of Rights of the Puerto Rico Constitution is the substantive right, and the anti-discrimination statute is the vehicle. That is why when they talked about very personal rights, which is in Spanish personalisimo, very personal, they're talking about those rights that they can only, the employees can only bring through Act 100, because they are the ones that have their civil rights violated. But their relatives can suffer seeing their loved ones being discriminated, but their damages have to follow a different path. When you're talking about survivability... Why doesn't that same stake apply to the standing analysis, which the Puerto Rico courts have rejected? Let me see if I understand the question. You're asking me why isn't that standing treated differently? I'm still struggling to understand why the analysis, the precedents we have from the Puerto Rico Supreme Court on standing, why they do not, not only inform, but perhaps control what the outcomes should be here on survivorship. The considerations seem to me to be the same. Because they're two different things. Survivorship means that they're two different things. When we're talking about standing, we're talking about who is the person who has the rights to go and ask for relief under specific legislation. When we're asking about survivability, what we're saying is this has been filed. These are the heirs of this person. I have the right to stand in that same position as if I were the employee. I'm not saying I'm going to be anybody different. I'm going to be substituting the employee. I'm going to be the same person as the employee. Cruz Gordoche and Santini Rivera does not deal with that. Cruz Gordoche and Santini Rivera deal with what you were saying, Judge Lippens, which is a third person with the girlfriend, the husband, the wife, asking for damages. This is not the case here. What I'm asking is, Jorge Vallejo died. These are his heirs. I want to get into his shoes. Let me continue. Why? Because he suffered. He had pain. He had suffering. He had pain. He's requesting for compensatory damages for back pay or severance. I also ask that since back pay and severance in Puerto Rico is conjugal partnership, then Leyda, who is an heir only in that Usufruc quota, would have a 50% stake as conjugal partnership in back pay and severance. Because in Puerto Rico, Leyda is not an heir. The clerk will adjust the rebuttal time to three minutes. Thank you. Thank you. Good morning. My name is Anita Montaner-Sevillano, and I represent the appellant, Siemens Medical Solutions. We request the court to affirm the judgment of the district court that held that the claim under the Americans with Disabilities Act was abated. In its decision, the court applied the Puerto Rico state law, considering Would you like to explain to me why that is? It seems to me everyone here is starting from a wrong premise, and I'm trying to understand how you get there. Yes. We do recognize that the courts are split on whether state law applies or federal law applies, and that this issue would be one of first impression for this court because that has not been addressed. But the district court said that state law applied. Yes. Because Section 1988A required it. But Section 1988A only requires looking to state law with respect to particular statutes, which are included in particular titles of the Ramai statute. And the statutes that create the cause of action here are not among those statutes. Yes. So I struggle with the notion of why this isn't a question that federal common law ought to control as to the ADA claim. Yes. We recognize that Section 1844 does not expressly correspond to the statutes that codify the ADA. Yes. But the courts, we have looked at how the courts have addressed this issue, and we found that the majority of the federal courts have referred to Section 1844 to apply the state law to determine survivorship under these civil rights laws, that they do it by analogy. With all due respect, you must count differently than I do because I think the majority, although there is a split, I think the majority comes out exactly the other way. All right? We saw a split, and the way that we looked at the case law, it was our impression that many courts applied the state law to determine survivability under Section 1844. And they did it by analogy. In this case, the district court used it as a law of construction because it found that the remedies under the ADA were codified within Title 24, which is expressly mentioned in Section 1988 through amendments. And by analogy, the court understood also that being a civil rights laws, although it's a 60s civil rights laws and this section refers to the reconstruction era civil rights laws, that by analogy it followed that Section 1844 dictated the rule of construction so that state law would apply and the Puerto Rico district court went on and applied Section 1844 to go into Puerto Rico survivorship law. So that we don't get hung up on this question. Yes. Do you concede that if federal common law applies, then the ADA claim survives? If federal common law were to apply, the ADA has been considered a remedial law, it would apply as to damages. That is what we found. And no penal remedies would be available. But we would submit to the court that this court in the past has used state law to fill gaps in these civil rights laws, for example, to fill the gap. In ADA cases? For purposes of determining statute of limitations, it has applied the state law under the Rehabilitation Act, I found one case, and also for Civil Rights Act cases under, not the discrimination cases, but 1983 cases. 1983. Yes. Civil Rights Act. Yes. So we would submit to the court that it, you know, for uniformity, it also continue to apply state law to fill gaps in these civil rights laws as it did with statute of limitations, and it has also done in arbitration issues as well. So for the issue of survivability, we would submit to the court that it should also follow state law. And as to state law, we understand that once state law is applied, it is clear that the cause of action under the ADA would be abated, because the case on point here is the Cruz Roche case, which is categorical when it provides that this is... Excuse me. Does Cruz Roche, does that case deal with survivability at all? This case does not deal with survivability. And does Santini Rivera, the other case that you cite, deal with survivability at all? It does not deal with survivability. And the Puerto Rico Supreme Court does have case law that deals expressly with survivability, and that sets forth a general rule that causes of action for damages do survive. Your Honor, what you have just submitted is correct, but we would argue that in this case, this is not a tort damages case. This is an employment discrimination case that was filed under the ADA and the Puerto Rico counterparts, the anti-discrimination laws. There is case law on point, which is the Cruz Roche case. But that's not on point, because you've just told me it doesn't deal with survivability. But when the court... You can argue that it applies by analogy, because the court uses language that's similar to what they use when they talk about compensatory damages in the survivability cases. I would submit to the court that when the court determined that the right to file a claim for discrimination is a very personal right, that decision by itself answers the question of survivability, because very personal rights is a concept that is only referring... in the Puerto Rico Supreme Court is the Succession Alvarez case, which has this language in describing what would be an inheritable right. The right of a deceased to obtain indemnification for damages that were caused to him during his life. Why doesn't that language aptly describe what is at stake here? This is the claim of the decedent was for damages which he incurred during his life. He sought indemnification for those damages. This language seemed... and it's talking about inheritable rights. It seems to directly apply to the issue here. Well, we concede that actions for damages in Puerto Rico do survive the death of the person, because the case will have determined that. But in this particular case, this is not a personal injury type of action like the ones the case... But this language is not limited to tort claims. It simply refers to claims for damages for which indemnification was sought. Yes, Your Honor. But we submit that when the court determined, and going back to the case that we understand is the case on point, that when the court determined that in Cruz Roche, that the right to claim discrimination is a very personal right, that term by itself necessarily is unequivocal that a very personal right is a right that abates and extinguishes upon the death of the claimant. The use of that terminology is unequivocal and doesn't permit any other interpretation. You're comparing apples and oranges. The right to file a claim for discrimination may be personal, but once that claim is properly filed, and it was here by the decedent, the right to collect damages on that claim, that's a different right. And the Puerto Rico Supreme Court has said the right to collect damages on a properly filed claim is survivable. Those survive. Yes, Your Honor. And you want to conflate those two rights. We're not talking in this case about filing the claim. The claim here was properly filed by the person who said at the time that he was the victim of discrimination. That issue was behind us. We're just talking about the right to collect damages on a properly filed claim. Yes, Your Honor, but the right, a very personal right, what it means is that no one can substitute the claimant. No one can file the claim for the claimant. No one can litigate the claim for the claimant. No one can settle the claim until a judgment is final and binding. Luz Roche doesn't say any of that. Luz Roche just says that you can't, that someone other than the person discriminated against can't file the claim. That's all that it says. It doesn't say that once the claim is properly filed, someone else can't litigate it. There is language in the opinion to say that only the owner of the right, which is the employee, can file the claim, can litigate the claim, can settle the claim, and that until a final and binding judgment is issued, no one can step in to claim anything because that is a very personal right. And there's no source of rights that stem from Act No. 100 because then again the court reiterates that it's a very personal right. And if we look into case law into what is a very personal right, it's uncontested that a very personal right extinguishes upon the person's death. That is why the person doesn't have standing because it is a consequence of it being a very personal right that only the owner of that right, the employee, can exercise. So there's no substitution. Your insistence that this is a very personal right suggests that family members have no stake in the vindication of that right by the decedent, but that's clearly not the case to the extent that he was damaged. His family was damaged as well in very real ways. I'm not sure I understand what would be the sense, even the rationality, of a rule that the claim does not survive if the decedent passes away, given the stake that a family has in the vindication of that right, in the damages that he might have incurred and the recompense of those damages. They clearly have a stake in that, don't they? Yes, Your Honor, but here we would submit to what the case of, which is a ruling case, the case of Robertson v. Weckman, which is a U.S. Supreme Court case where the court was evaluating whether there was survivability to a civil rights action. And in that case, the court was very clear that success of the claim is not the benchmark, that they are not establishing survivorship as the rule to be followed always. There are instances where the rights are abated, as it happened in that particular case. And there are also state cases that have been resolved under the ADA on survivorship where the rights have also been held abated, which we found some cases in preparing for this argument where the right to bring the claim was abated when the person died and the court held it was abated because the most analogous statute in that state did not provide for survival. And the Supreme Court recognizes that there may be dissimilar results in some cases. The cause of action may abate. In other cases, it may not abate. But it did not want to adopt a rule of absolute survival in that particular decision of Robertson v. Weckman. And it was not found inconsistent. Are those state cases in your brief? No, Your Honor. They were identified as we prepared for this case, but I can submit a supplemental brief if Your Honor understands it's appropriate. No, just a letter with the citations. Okay. One is Albright v. Soloway, which is a Utah case. Just submit a letter with the citations. Okay, we will do that. Thank you. No argument in the letter, just the citations. We will do that. There are several brief cases that we will submit. Finally, we would mention also to the court that although it is an unreported case, the federal court in Puerto Rico in 2005 had the same issue of survivorship under a case that was filed under Section 1983. It was an employment discrimination case by a public employee, Saria Ortega v. Augusto Aliceo, which is cited in our brief. And in that case, the Puerto Rico District Court, six years before the Cruz Roche decision was issued, arrived at the same conclusion. And it examined the survivorship rules under Puerto Rico, and it found that the right to claim discrimination by a public employee was a very personal right and did not survive the death of the employee. So we would submit that this court followed the same reasoning that the district court followed in that case in 2005 and in this particular case when it ruled that the claim was abated. Thank you very much. Briefly, Your Honor. The Sucesión Alvarez case establishes the general norm to be followed in damages, causes of action. The case of Garcia Pagan v. Shiley Caribbean explains that at 100 causes of actions are but general damages, causes of action, which use the vehicle of Act 100. The reason why under Garcia Pagan v. Shiley Caribbean, the complaint under Act 100 survived the emotional damages claim under Act 100, survived the challenge for being told for statute of limitations. The Puerto Rico Supreme Court has no specific case on point on this issue of if the causes of the cases that have been properly filed under Act 100 or any of the other specific discrimination statutes in Puerto Rico, in this case, Act 44 or 69 or 17 or whichever the other one that we have, if having them being filed correctly, they survive. And I propose to this court that there's no case on point because the entire doctrine in Puerto Rico recognizes that these are cases of damages that are filed using a very specific procedural vehicle, which are these specific laws. Why? These specific laws have some evidentiary presumptions, have specific disposition of damages, have a doubling of damages as an alternative to punitive damages, which are not allowing a Puerto Rico doctrine. So these are procedural vehicles to make valid one damage cause of action, which is anchored in our Bill of Rights of our Constitution. That is why what the Puerto Rico Supreme Court said in Garcia Pagan v. Shiley Caribbean is so important because what they're saying, listen, Puerto Rico has a tradition. And in doing this, the Puerto Rico Supreme Court of the 1988 Garcia Pagan case cited a case of 1951 saying, ever since 1951 in Puerto Rico, when you claim that your civil rights have been violated, what you're actually doing is giving damages because my right, which is that which is recognized by the Constitution, has been violated and I have the causes of action for damages. So when, in this case, Siemens alleges that and wants to equate very personal rights to meaning that the cause of action extinguishes, it's to simply go against the entire doctrine in Puerto Rico that recognizes that damages suffered by the person are part of that state and can be inherited. Because otherwise, I mean, it would make no sense.  Thank you.